## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

**JAMES CALLOWAY**                                                          **PLAINTIFF**

**VS.**                        CASE NO. CV-2014-238-5

**GAMMON EQUIPMENT COMPANY, INC.**                          **DEFENDANT**

## COMPLAINT

Plaintiff alleges:                     5:14-CV-0275 BRW

### PARTIES

1.      Plaintiff, James Calloway, is, and was at the time of the incident described, a

citizen and resident of Pine Bluff, Jefferson County, Arkansas. At the time of this incident he

was 61 years old.

2.      Defendant, Gammon Equipment Company, Inc. is a Missouri corporation

registered to do business in Arkansas. According to the Arkansas Secretary of State, Gammon's

registered agent of service is Gary L. Conley, 305 Phillips Street, North Little Rock, Arkansas

72217.

### JURISDICTION AND VENUE

3.      Jurisdiction is proper under Ark. Code Ann. § 16-13-201, which states that circuit

courts shall have original jurisdiction of all actions and proceedings to enforce civil rights or the

redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Jurisdiction

is also proper under the Arkansas Constitution, Amendment 80 §6(A), which states that circuit

courts are established as trial courts of original jurisdiction of all justiciable matters not

otherwise assigned under the Constitution.

4.      Venue is proper under Ark. Code Ann. § 16-60-1123(a), which states any action

for damages for personal injury shall be brought in the county where the accident occurred

FILED IN MY OFFICE AND SUMMONS
ISSUED AT ___ O'CLOCK P M
JUN - 6 2014
DATE
LAFAYETTE WOODS, SR., CLERK

(Jefferson County) or in the county where the person injured resided at the time of injury (Jefferson County).

## FACTS

5.      Gammon sells and repairs forklifts.

6.      E.C. Barton & Company, James Calloway's employer, contacted and hired Gammon to perform repair and maintenance on its forklifts. On or about June 18, 2012, an agent and/or employee of Gammon repaired a Hyster forklift believed to be serial number H80XM, model number K005V03176Z, at the E.C. Barton & Company business, Barton's Lumber, located at 901 Commerce Road in Pine Bluff, Arkansas. During that repair and maintenance, Gammon's agent and/or employee installed a parking brake lever on the Hyster forklift.

7.      On September 25, 2012, James Calloway, an employee of E.C. Barton & Company, was operating the Hyster forklift repaired and/or serviced by Gammon, at Barton's Lumber in Jefferson County, Arkansas. James had brought the forklift to a stop and engaged the parking brake. He had gotten off the forklift to continue his work when the parking brake malfunctioned, disengaged, or in some manner allowed "drive through" causing the Hyster forklift to move forward and fracture James' lower left leg. He was rushed to the hospital via ambulance for treatment of what was a severe open fracture. James Calloway was hospitalized initially from September 25th through October 2nd. In all, James Calloway underwent three left leg surgeries.

8.      Three days after the injury to James Calloway, a Briggs Equipment employee inspected the Hyster forklift at issue in this case and noted the parking brake was not adjusted properly and would allow "drive through."

2

## COUNT I:  NEGLIGENCE

9.    All allegations are incorporated in this count.

10.    Gammon and its agents and/or employees owed a duty to James Calloway, and other similarly situated, to use the degree of skill and care ordinarily possessed and used by forklift repairmen in installing, repairing, and maintaining the Hyster forklift at issue in this case.

11.    Gammon and its agents and/or employees breached their duty and were negligent in failing to properly install, repair, and/or maintain the Hyster forklift, including failing to properly repair or service the parking brake on the forklift.

12.    Because of the negligence of Gammon and its agents and/or employees, James Calloway was severely injured.  He has suffered an open fracture to his lower left leg.  James has incurred substantial expenses for medical care and attention.  The medical expenses were incurred for the necessary care and treatment of his left leg injury resulting from the Hyster forklift incident.  The medical expenses were reasonable and were the usual and customary charges for such services.

13.    The negligence of Gammon, its agents, or employees caused James to be permanently disabled.  James had worked for E.C. Barton & Company for 14 years.

14.    Under the doctrine of *respondeat superior* and Arkansas law, the conduct of Gammon's agents and/or employees causing James Calloway's injury and damages is chargeable to Gammon.

## DAMAGES

15.    All allegations are incorporated in this count.

16.    James Calloway claims he is entitled to recover for the following damages, all of which were proximately caused by the negligence of Gammon and its agents and/or employees:

3

(a)    for the nature, extent, duration and permanency of his left leg injury, including permanent injury and disability;

(b)    for the reasonable expense of any necessary medical care, treatment and services received, including prescription costs, transportation expenses necessarily incurred in securing such care, cost of medical devices and the present value of such expense reasonably certain to be required in the future;

(c)    for pain and suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(d)    the value of any earnings lost and the present value of any earnings reasonably certain to be lost in the future;

(e)    the present value of any loss of ability to earn in the future;

(f)    for any scars and disfigurement and visible results of his left leg injury;

(g)    the reasonable expense of any necessary help in his home, which has been required as a result of his injury and the present value of such expense reasonably certain to be required in the future; and

(h)    any and all other damages allowed under state and federal law.

17.    James Calloway's total damages as shall be proved by the evidence are in excess of the federal jurisdictional limits in diversity cases.

## JURY DEMAND

18.    James Calloway demands a trial by jury.

WHEREFORE, James Calloway prays for judgment against Gammon Equipment Company, Inc. in a sum in excess of the federal jurisdictional limits in diversity cases; post judgment interest where applicable; court costs, attorney fees, and for all other relief to which he may be entitled.

Respectfully submitted,

McMATH WOODS P.A.

711 West Third Street
Little Rock, Arkansas 72201
Telephone:  (501) 396-5400
Facsimile:  (501) 374-5118

By:  _____

Will Bond, AR Bar 95145
will@mcmathlaw.com
Carter C. Stein, AR Bar 2004049
carter@mcmathlaw.com

*Attorneys for James Calloway*